**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                     **v.**         **08-CR-232S(Sr)**

**JESUS ANTONIO COTTO,**

       **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #41.

## PRELIMINARY STATEMENT

The defendant, Jesus Antonio Cotto ("the defendant"), is charged in a four count Indictment with the knowing, intentional and unlawful possession with the intent to distribute cocaine in violation of Title 21, United States Code, Section 841(a)(1) (Count 1); possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1) (Count 2); possession of a firearm from which the manufacturer's serial number had been removed, obliterated and altered in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B) (Count 3). The defendant also faces a forfeiture count (Count 4) pursuant to Title 18, United States Code, Sections 924(d) and 3665 and Title 28, United States Code, Section 2461(c). Dkt. #9.

In addition to the defendant's omnibus discovery motions, the defendant has filed a motion seeking the suppression of evidence obtained by reason of an illegal stop and search of the vehicle operated by the defendant, suppression of evidence obtained by reason of an illegal search of the defendant's residence and dismissal of Count 3 due to "duplicity/multiple conspiracies." Dkt. #13. The government filed a consolidated response to defendant's omnibus discovery motions, defendant's motions to suppress and to dismiss. Dkt. #14. Following oral argument, the defendant submitted a supplemental affidavit in support of his request for a suppression hearing (Dkt. #18) and the government submitted a supplemental response (Dkt. #19).

## **DISCUSSION AND ANALYSIS**

Based on this Court's careful review of the papers submitted in support of defendant's motions, including an affidavit from the defendant (Dkt. #13, pp.33-36) and an affidavit from Carmen Maldonado (Dkt. #18) who purportedly gave consent to search 53 Arkansas, the government's consolidated response to defendant's motion (Dkt. #14) and the government's response to Ms. Maldonado's affidavit (Dkt. #19) and the statements made by counsel for the parties herein during the January 9, 2009 oral argument, this Court finds the need to hold an evidentiary hearing with respect to the following two issues.[1] First, whether the Buffalo Police Department officers possessed

---

[1] The Court notes that at the time the defendant's motions and supplemental papers were filed, the defendant was represented by Joseph A. Agro, Esq. Since that time, the defendant retained Angelo Musitano, Esq. and thereafter, the Court relieved Mr. Agro as assigned counsel for the defendant. On behalf of the defendant, on or about June 25, 2009, Mr. Musitano requested that the defendant's motion be taken under advisement.

the requisite reasonable suspicion to justify the June 18, 2008 stop of the vehicle operated by the defendant and thereafter, the search of the vehicle. Moreover, the suppression hearing will also need to address what information was provided by a confidential informant to the United States Drug Enforcement Administration ("DEA") and in turn, what information the DEA transmitted to the Buffalo Police Department before the Buffalo Police Department officers stopped the vehicle and thereafter, searched the vehicle operated by the defendant. Second, whether Ms. Maldonado's consent to search 53 Arkansas was knowing and voluntary. Specifically, in an affidavit filed with this Court, Ms. Maldonado stated, that "the only language I speak is fluent Spanish. I understand the English language only through the assistance of an interpreter." Dkt. #18, ¶¶ 7-8. The record before this Court reveals that the consent form executed by Ms. Maldonado was type-written in English and furthermore, Ms. Maldonado stated in her affidavit that she cannot read English or write English. *Id*. at ¶ 11.

During the January 9, 2009 oral argument on defendant's motions, counsel for the government stated that he was unaware of what, if any, information was transmitted from the DEA to the Buffalo Police Department prior to the stop and search of the vehicle operated by the defendant. In addition, the counsel for the government further stated that he was unaware of whether there was indeed a language barrier between Ms. Maldonado and the DEA agents. In support of his motions to suppress the evidence seized following the search conducted at 53 Arkansas, the defendant submitted an affidavit from Ms. Maldonado wherein she affirmatively states that: the

only language she speaks is fluent Spanish; she understands the English language only through the assistance of an interpreter; the DEA agents asked her to sign a consent form written only in English; the DEA agents did not have an interpreter present to translate the content of the consent form and at no time did any member of the DEA or law enforcement speak Spanish to her on June 18, 2008. Dkt. #18. In its response to Ms. Maldonado's affidavit, the government suggests that an unidentified "friend" was present with Ms. Maldonado on June 18, 2008 at 53 Arkansas and further, that the "friend" translated "any areas of concern or misinterpretations to Ms. Maldonado based on the requests of the DEA agents." Dkt. #19, p.2. Because the government's consolidated response to defendant's motions does not sufficiently address the issues raised by the defendant with respect to the requisite reasonable suspicion to stop the vehicle operated by the defendant and to search the vehicle and whether Ms. Maldonado's consent to search 53 Arkansas was knowing and voluntary, this Court finds that there is a need to hold an evidentiary hearing. Accordingly, defendant's request for an evidentiary hearing concerning the above-described issues is GRANTED.[2] Therefore, it is hereby,

**ORDERED** that the evidentiary hearing shall be held on April 8, 2010 at 10:30 a.m. By reason of the filing of the instant motion (Dkt. #13) and the scheduling of

---

[2] This Court's Report, Recommendation and Order with respect to defendant's motion to suppress evidence and motion to dismiss Count 3 of the Indictment will be held in abeyance pending the conclusion of the evidentiary hearing. Similarly, this Court's Decision and Order on defendant's omnibus discovery motions will also be held in abeyance pending the conclusion of the evidentiary hearing.

an evidentiary hearing for April 8, 2010, the Speedy Trial Clock has been stopped and will remain stopped until the motion is resolved pursuant to and in accordance with the provisions contained in Title 18, United States Code, Section 3161(h)(1)(D).

Therefore, it is hereby further **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

                **s/ H. Kenneth Schroeder, Jr.**
                **H. KENNETH SCHROEDER, JR.**
                **United States Magistrate Judge**

DATED:    Buffalo, New York
              March 24, 2010